UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                               Case No. 15-51057

STANLEY R. KOZLOWKI, III,                            Chapter 13

        Debtor.                                     Judge Thomas J. Tucker

_____/

MICHIGAN UNEMPLOYMENT INSURANCE
AGENCY,

        Plaintiff,                                  Adv. No. 15-5123

v.

STANLEY R. KOZLOWSKI, III,

        Defendant.

_____/

**OPINION REGARDING DEFENDANT'S MOTION TO DISMISS**

**I. Introduction**

       Defendant, Stanley R. Kozlowski, III,  is a debtor in a Chapter 13 bankruptcy case who

allegedly owes a debt to the Plaintiff, the State of Michigan Unemployment Insurance Agency

(the "Agency").  The debt includes a statutory penalty for fraud.  The alleged fraud was in

Defendant knowingly making false statements to the Agency in order to obtain unemployment

benefits for which he was not eligible.

       Plaintiff alleges that Defendant owes a total of $14,838.68 for unemployment benefit

overpayments, interest on the overpayments, and the statutory penalty.  The Agency alleges that

the entire debt is nondischargeable in Defendant's pending Chapter 13 bankruptcy case, under 11

U.S.C. § 523(a)(2)(A), as a debt for "false pretenses, a false representation, or actual fraud."

Currently before the Court is Defendant's motion to dismiss (Docket # 4, the "Motion"). In the Motion, Defendant argues that § 523(a)(2)(A) does not apply to the statutory penalty portion of the debt, because the penalty constitutes a noncompensatory debt payable to a governmental unit that is covered by 11 U.S.C. § 523(a)(7). Defendant's theory is that if the penalty is covered by § 523(a)(7), it cannot also be covered by § 523(a)(2), even if the penalty is based on fraud. This theory matters because in a chapter 13 case, § 523(a)(2) debts are excepted from a discharge obtained under 11 U.S.C. § 1328(a), while § 523(a)(7) debts are not.

Recently, in a case decided by Bankruptcy Judge Randon in this district, a Chapter 13 debtor prevailed on this theory. *Mich. Unemployment Ins. Agency v. Andrews (In re Andrews)*, No. 15-46058, Adv. Pro. No. 15-04724 (Docket # 11), 2015 WL 5813418 (Bankr. E.D. Mich. Oct. 2, 2015). That case is presently on appeal to the district court.

The Court held a hearing on Defendant's Motion, and took it under advisement. For the reasons stated below, the Court respectfully disagrees with the decision in *Andrews*, and rejects Defendant's argument.

## II. Jurisdiction

The Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1), and Local Rule 83.50 (E.D. Mich.). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I), because it seeks a "determination[] as to the dischargeability of particular debts." This adversary proceeding also is a core proceeding because it falls within the definition of a proceeding "arising under title 11," and of a proceeding "arising in" a case under title 11, within the meaning of 28 U.S.C. § 1334(b). Matters falling within either of these categories are deemed to be core proceedings. *See Allard v. Coenen (In re Trans-Indus., Inc.)*,

419 B.R. 21, 27 (Bankr. E.D. Mich. 2009) (citing *Mich. Emp. Sec. Comm'n v. Wolverine Radio Co., Inc.*, 930 F.2d 1132, 1144 (6th Cir. 1991)).

This is a proceeding "arising under title 11," because it is created or determined by statutory provisions of title 11, including 11 U.S.C. § 523(a)(2)(A). This is a proceeding "arising in" a case under title 11, because it is a proceeding that "by [its] very nature, could arise only in bankruptcy cases." *See Allard*, 419 B.R. at 27 (internal quotation marks and citation omitted).

### III. Standards governing Defendant's motion to dismiss

Defendant brings the Motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the Agency's complaint fails to state a claim upon which relief can be granted. Rule 12(b)(6) applies in this adversary proceeding under Federal Rule of Bankruptcy Procedure 7012.

A motion under Rule 12(b)(6) tests the "sufficiency of [a] complaint." *Conley v. Gibson*, 355 U.S. 41, 45 (1957). A court must examine the plaintiff's allegations and determine whether, as a matter of law, "the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "[A] court considering a motion to dismiss under Rule 12(b)(6) 'must accept all well-pleaded factual allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff.'" *Benzon v. Morgan Stanley Distribs., Inc.*, 420 F.3d 598, 605 (6th Cir. 2005) (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002)).

A plaintiff must provide "more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S.

3

662, 678 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

In short, "a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Twombly*, 550 U.S. at 545).

## IV. Background

Defendant filed his Chapter 13 bankruptcy petition on July 23, 2015. On November 16, 2015, the Agency filed this adversary proceeding. In the Complaint, the Agency alleges that for the weeks ending between January 8, 2011 through March 26, 2011, Defendant falsely and fraudulently certified that he was not employed, and thereby collected $4,344.00 in unemployment benefits for which he was not eligible under Michigan law.

Under Michigan law, when a claimant seeking unemployment benefits "makes a false statement or representation knowing it to be false, or knowingly and willfully with intent to defraud fails to disclose a material fact, to obtain or increase a benefit," the Agency is entitled to collect restitution for any overpayment, plus what the Agency refers to as a "fraud penalty." *See* Mich. Comp. Laws § 421.54(b). In cases where a claimant fraudulently obtains benefits of $500 or more, the fraud penalty is equal to four times the amount of the overpayment. Mich. Comp. Laws § 421.54(b)(ii). In this case, after the Agency discovered Defendant's alleged fraud in October 2011, it assessed a penalty of $16,669.00. Before filing bankruptcy, Defendant repaid $7,666.00 to the Agency. The Agency alleges that:

> Defendant is . . . indebted to the Agency in a non-dischargeable

4

> debt in the amount of: $4,344.00 in fraudulent overpaid benefits,
> $16,669.00 in statutory penalties, and $1,491.68 in interest, but less
> $7,666.00 already collected, for a total debt of $14,838.68.[1]

Defendant alleged in his Motion that the Agency applied the $7,666.00 collected from him first to the restitution principal and interest, so that the debt remaining is "unpaid interest and penalties, or just the penalties."[2] During the hearing on the Motion, Defendant's attorney stated that the unpaid debt amount may include unpaid interest in addition to the penalty. In any event, it is undisputed that the unpaid debt includes at least some part of the fraud penalty.

## V. Discussion

The Agency's position is that the entire debt, including the fraud penalty, is nondischargeable under 11 U.S.C. § 523(a)(2)(A). Defendant contends that § 523(a)(2) does not apply to the fraud penalty, because it is covered by § 523(a)(7).

### A. Section 523(a)(2) and the *Cohen* case

In relevant part, § 523(a)(2) applies to debts for "money, property, [or] services . . . to the extent obtained, by . . . false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A). Such debts are nondischargeable not only in Chapter 7 cases, but also in Chapter 13 cases. *See* 11 U.S.C. § 1328(a)(2) (listing specific debts described in § 523(a) that are nondischargeable in Chapter 13, including § 523(a)(2) debts); *see also D&M Props., LLP v. Rosser (In re Rosser)*, No. 08-11146, Adv. P. No. 08-1075, 2008 WL 3992780 (Bankr. E.D. Tenn. Aug. 25, 2008) ("Since BAPCPA, . . . § 1328 additionally excepts from discharge those debts of the kind specified in § 523(a) . . . (2).").

---

[1] Compl. (Docket # 1) at 5, ¶ 21.

[2] Def's Mot. to Dismiss (Docket # 4) at 2.

5

The United States Supreme Court held in *Cohen v. de la Cruz*, 523 U.S. 213, 219 (1998) that the debts covered by § 523(a)(2) are not limited to the "value of the money, property, or services received by the debtor" through fraud. Instead, the provision renders nondischargeable "**any** liability arising from money, property, etc., that is fraudulently obtained, including treble damages, attorney's fees, and other relief that may exceed the value obtained by the debtor." *Id.* at 223 (emphasis added) (citations omitted). Under *Cohen*, all debts arising from fraud, whether they are "restitutionary," "compensatory," or "punitive" in nature, are nondischargeable under § 523(a)(2). *See* 523 U.S. at 222 (quoted in section V.C.1 of this opinion, below); *see also Lowry v. Nicodemus* (*In re Nicodemus*), 497 B.R. 852, 858, 859 (B.A.P. 6th Cir. 2013) ("A critical point made by the Supreme Court in *Cohen* is that § 523(A)(2)(A) prevents discharge of 'any debt' as long as the debt sought to be discharged is assessed 'on account of the fraud.'" And such debts include "even compensatory, punitive, or statutory liability.").

*Cohen* involved a landlord-debtor who had overcharged his tenants in violation of a rent control ordinance in Hoboken, New Jersey. *Cohen*, 523 U.S. at 215. The bankruptcy court awarded the tenants the overpaid rent, plus attorney fees, court costs, and treble damages under a New Jersey consumer protection statute, and held that the entire judgment was nondischargeable under § 523(a)(2). *Id.* at 215-16. The Supreme Court ultimately affirmed the bankruptcy court's decision, finding that the "most straightforward reading" of § 523(a)(2) "is that it prevents discharge of '**any debt**' respecting 'money, property, services, or credit' that the debtor has fraudulently obtained.'" *Id.* at 218 (emphasis added) (citation omitted). The Supreme Court rejected the imposition of a "restitutionary ceiling" on fraud debts under § 523(a)(2), concluding that:

6

> [T]he text of § 523(a)(2)(A), the meaning of parallel provisions in the statute, the historical pedigree of the fraud exception, and the general policy underlying the exceptions to discharge all support our conclusion that "any debt . . . for money, property, services, or . . . credit, to the extent obtained by" fraud encompasses any liability arising from money, property, etc., that is fraudulently obtained, including treble damages, attorney's fees, and other relief that may exceed the value obtained by the debtor.

*Id.* at 219, 223.

## B. Section 523(a)(7)

Section 523(a)(7) covers debts for a "fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, [that is] not compensation for actual pecuniary loss," other than certain specified tax penalties. 11 U.S.C. § 523(a)(7). These debts are excepted from discharge in a Chapter 7 case. But such debts are not excepted from discharge in a Chapter 13 case, except in the unusual case of a debtor who fails to make all the payments required by a confirmed plan and obtains a more limited discharge, known as a "hardship discharge," under 11 U.S.C. § 1328(b). *See* 11 U.S.C. §§ 1328(a)(2) and 1328(c)(2).

## C. The Court's conclusions

Defendant does not concede that he committed fraud, or that he actually owes the Agency the statutory fraud penalty at issue. But for purposes of ruling on Defendant's Motion, the Court will assume that Defendant does owe the debt, as the Agency alleges. The Court must reject Defendant's legal argument, that the fraud penalty cannot be deemed a debt for fraud covered by § 523(a)(2)(A). This ruling is compelled by *Cohen*. The Court therefore also must reject Defendant's argument that the fraud penalty cannot be deemed nondischargeable in his Chapter 13 case under 11 U.S.C. § 1328(a)(2). The Court makes these conclusions even though the fraud

7

penalty is also a debt covered by § 523(a)(7), as a noncompensatory penalty payable to and for the benefit of a governmental unit. Defendant's various arguments are unavailing, for the reasons the Court will explain below.

### 1. *Cohen's* reference to § 523(a)(7)

First, the Court rejects Defendant's argument that the holding in *Cohen*, about the broad scope of § 523(a)(2), does not apply to debts covered by § 523(a)(7). Defendant relies on the following passage in *Cohen*:

> If, as petitioner contends, Congress wished to limit the exception [in § 523(a)(2)] to that portion of the debtor's liability representing a restitutionary—as opposed to a compensatory or punitive—recovery for fraud, one would expect Congress to have made unmistakably clear its intent to distinguish among theories of recovery in this manner. *See, e.g.,* § 523(a)(7) (barring discharge of debts "for a fine, penalty, or forfeiture payable to . . . a governmental unit," but only if the debt "is not compensation for actual pecuniary loss").

*Cohen*, 523 U.S. at 222.

Defendant argues that this passage shows the Supreme Court's intent to carve out § 523(a)(7) debts — such as noncompensatory penalties owed to governmental agencies — from the reach of § 523(a)(2), even if those penalties arise from fraud. But this passage in *Cohen* does not say or imply that. Rather, it merely points out the way in which § 523(a)(2) does not have as limited a scope as § 523(a)(7). The Court cited § 523(a)(7) as proof that Congress could distinguish in § 523(a)'s subsections between types of debt — restitutionary, compensatory, and punitive — and make some types nondischargeable and other types dischargeable when it chose to do so. Congress chose to make such a distinction in § 523(a)(7), but it did not do so in § 523(a)(2). The above passage from *Cohen* simply is meant to support the Supreme Court's

conclusion that § 523(a)(2) covers not only restitutionary debt, but also compensatory and punitive debt — *i.e.*, "'**any debt**' respecting 'money, property, services, . . . or credit' that the debtor has fraudulently obtained." *Id.* at 218 (emphasis added)(citations omitted)(quoting 11 U.S.C. § 523(a)(2)).

One would expect that, had the Supreme Court meant in *Cohen* to exclude punitive debts, like statutory penalties — or any type of debt arising from fraud — from the reach of § 523(a)(2), the Court would have said so explicitly. But it did not. Nothing in *Cohen* suggests that any type of fraud debt is excluded from coverage under § 523(a)(2), whether it is covered by § 523(a)(7) or not.

### 2. **Defendant's effort to distinguish *Cohen***

Defendant argues that *Cohen* is distinguishable from this case, because the debts owed in *Cohen* were owed to private parties rather than to a governmental unit. This is not a meaningful distinction. The Supreme Court's reasoning in *Cohen* about the broad scope of § 523(a)(2) is based on the text of § 523(a)(2), which does not distinguish between private and governmental creditors, and the fact that the "Bankruptcy Code has long prohibited debtors from discharging liabilities incurred on account of their fraud, embodying a basic policy animating the Code of affording relief only to an 'honest but unfortunate debtor.'" *Cohen*, 523 U.S. at 217 (quoting *Grogan v. Garner*, 498 U.S. 279, 287 (1991)). The Supreme Court's reasoning applies with equal force to fraud debts owed to private parties and fraud debts owed to governmental units. And *Cohen* gives no indication that any part of fraud debts owed to governmental units are excluded from the reach of § 523(a)(2).

In sum, this Court is bound to follow *Cohen*, and apply it to the Agency's § 523(a)(2)

9

claim in this case.

### 3. The Supreme Court's decisions in the *Kelly* and *Davenport* cases

Defendant argues that other Supreme Court cases show that debts covered by § 523(a)(7) are dischargeable in Chapter 13, even if they arise from fraud. But that is not correct.

Defendant cites *Kelly v. Robinson*, 479 U.S. 36 (1986) and *Pennsylvania Dep't of Pub. Welfare v. Davenport*, 495 U.S. 552 (1990) for the proposition that § 523(a)(7) covers all noncompensatory, non-tax debts owed to governmental agencies, including those arising from fraud. By its plain language, § 523(a)(7) applies to the fraud penalty at issue in this case, and *Kelly* and *Davenport* support this conclusion. *See Kelly*, 479 U.S. at 51; *Davenport*, 495 U.S. at 562. But these cases do not establish that § 523(a)(2) does not *also* apply, particularly in light of *Cohen*, which was decided well after *Kelly* and *Davenport*.

In *Kelly*, the Supreme Court held that criminal restitution ordered because of welfare fraud is nondischargeable under § 523(a)(7) in a Chapter 7 case. 479 U.S. at 38-39, 51-52. The Court concluded that neither the phrase, "to and for the benefit of a governmental unit," nor the phrase "not compensation for actual pecuniary loss" excludes criminal restitution from coverage under § 523(a)(7).

The Supreme Court in *Kelly* did not mention or discuss § 523(a)(2), except to note the district court's finding that the creditor failed to object to discharge of the debt on § 523(a)(2) grounds within the deadline applicable to claims listed in 11 U.S.C. § 523(c). *See Kelly*, 479 U.S. at 42, nn.3 & 4. (As discussed in more detail later in this opinion, debts covered by § 523(a)(7) are not subject to the filing deadline that applies to § 523(a) debts of the type listed in § 523(c)).

In *Davenport*, another pre-*Cohen* case, the Supreme Court held that criminal restitution ordered because of welfare fraud could be discharged in a Chapter 13 case. 495 U.S. at 555. In that case, the Supreme Court decided an issue it avoided in *Kelly*: whether criminal restitution falls within the definition of a "debt" in 11 U.S.C. § 101 (if not, it could never be discharged in bankruptcy).[3] *Id.* at 557. The Supreme Court concluded that the criminal restitution was such a "debt." The Court also reaffirmed its holding in *Kelly* that criminal restitution debts, as well as debts for "civil fines and penalties," are covered by § 523(a)(7). *Id.* at 562. Finally, the Court concluded that, because the Chapter 13 discharge provision, 11 U.S.C. § 1328(a), did not except § 523(a)(7) debts from discharge, the criminal restitution debt could be discharged in that Chapter 13 case. *Davenport*, 495 U.S. at 563-64.

But the Supreme Court did not mention § 523(a)(2) in *Davenport*. The creditor apparently did not raise § 523(a)(2) in that case. But it is clear that if the creditor had raised a § 523(a)(2) objection in *Davenport*, it would not have made a difference in the outcome of that case. This is because at that time (1990), neither § 523(a)(2) debts nor § 523(a)(7) debts were excepted from discharge in Chapter 13. *See* 11 U.S.C. § 1328(a) (1988).[4] It was not until 2005 that Congress amended § 1328(a) to except § 523(a)(2) debts from discharge in Chapter 13 cases. This was long after *Davenport* was decided. *See* Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 108-9, § 314, 119 Stat. 23 (adding § 523(a)(2) debts to the list of debts that are nondischargeable in Chapter 13).

---

[3] The Supreme Court avoided this issue in *Kelly* (a Chapter 7 case) by holding that, even if it was a "debt," the criminal restitution was nondischargeable under § 523(a)(7). *Kelly*, 479 U.S. at 50.

[4] *Available at* http://loc.heinonline.org/loc/Page?handle=hein.uscode/usc1988004&id=37& collection=journals&index=uscode/usck#249, pp. 213-14.

11

For these reasons, *Davenport* cannot be read as implying that § 523(a)(2) did not, or could not, apply to the criminal restitution debt at issue in that case, in addition to § 523(a)(7). *Kelly* and *Davenport* merely tend to confirm that the fraud penalty at issue in this case is covered by § 523(a)(7). They do not establish that the fraud penalty also is not covered by § 523(a)(2).

**4. The history of amendments to § 1328(a)**

Defendant also focuses on legislative changes to 11 U.S.C. § 1328(a), the Chapter 13 discharge provision, after the Supreme Court's decision in *Davenport*. There were three changes. First, in 1990 Congress reacted to *Davenport* by enacting § 1328(a)(3), which made criminal restitution debts nondischargeable in Chapter 13. *See Hardenberg v. Va. Dep't of Motor Vehicles* (*In re Hardenberg*), 42 F.3d 986, 992 (6th Cir. 1994) ("[S]ubsequent to the *Davenport* decision, Congress enacted a bill to amend section 1328(a), specifically exempting restitution orders from discharge in Chapter 13 bankruptcies and thereby superseding the Court's holding in *Davenport*."); *see also* Criminal Victims Protection Act of 1990, Pub. L. No. 101-581, § 3, 104 Stat. 2865.

Second, in 1994 Congress amended § 1328(a)(3) to also except criminal fines from discharge in Chapter 13. *See* Bankruptcy Reform Act of 1994, Pub. L. No. 103-394, § 302, 108 Stat. 4106 ("Section 1328(a)(3) of title 11, United States Code, is amended by inserting ', or a criminal fine,' after 'restitution.'").

Third, in 2005 Congress amended § 1328(a) to except from discharge in Chapter 13 all § 523(a)(2) debts, as well as debts listed in several other subsections of § 523(a), but not § 523(a)(7) debts. *See* Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 108-9, § 314, 119 Stat. 23.

12

Defendant argues that this statutory history of § 1328(a) — specifically, Congress's failure to explicitly list governmental civil fraud penalties as nondischargeable in Chapter 13 like Congress did for criminal restitution in 1990 and criminal fines in 1994, and the fact that § 523(a)(7) debts were not added to the list of nondischargeable debts in § 1328(a) in 2005 — reflects Congressional intent to keep civil governmental penalties dischargeable in Chapter 13, *even* if those penalties arise from fraud.

The Court finds Defendant's view of the statutory history unpersuasive, and views the history quite differently. It is true that Congress did not specifically list civil fraud penalties owed to governmental units as nondischargeable in Chapter 13, when it amended § 1328(a) in 1990, 1994, or 2005. But instead, in 2005 Congress made **all** debts arising from fraud nondischargeable in Chapter 13, by adding § 523(a)(2) to the list of debts excepted from discharge in § 1328(a). And Congress did this some seven years after *Cohen* was decided (in 1998).

This is very telling, because the Court must presume that Congress was aware of the very broad scope *Cohen* had given to § 523(a)(2), when Congress amended § 1328(a) in 2005. As the Supreme Court has held:

> Congress is presumed to be aware of an administrative or judicial interpretation of a statute and to adopt that interpretation when it re-enacts a statute without change[.] So too, where, . . . Congress adopts a new law incorporating sections of a prior law, Congress normally can be presumed to have had knowledge of the interpretation given to the incorporated law, at least insofar as it affects the new statute.

*Lorillard v. Pons*, 434 U.S. 575, 580-81 (2008)(citations omitted); *see also Shapiro v. United States*, 335 U.S. 1, 16 (1948) (citations omitted) ("In adopting the language used in the earlier

act, Congress 'must be considered to have adopted also the construction given by this Court to such language, and made it a part of the enactment.'"); *see generally Cannon v. Univ. of Chicago*, 441 U.S. 677, 696-97 (1979) ("It is always appropriate to assume that our elected representatives, like other citizens, know the law[.]").

In 2005, Congress knew that because of *Cohen*, **all** debts for fraud, including debts that are compensatory in nature as well as debts that are punitive in nature, are nondischargeable under § 523(a)(2). Knowing this, Congress chose in 2005 to make all § 523(a)(2) debts nondischargeable in Chapter 13.

This history shows that Congress intended that **all** debts for fraud, including civil fraud penalties, be non-dischargeable in Chapter 13.

### 5. Defendant's other arguments

The Court rejects Defendant's remaining arguments. Defendant argues that holding the fraud penalty nondischargeable under § 523(a)(2) creates "an absurd result;"[5] renders § 523(a)(7) superfluous; ignores the differences between Chapter 7 and Chapter 13; and violates the principle that exceptions to discharge must be strictly construed in favor of the debtor. And Defendant argues that other courts have characterized similar governmental fraud penalties as § 523(a)(7) debts and not as § 523(a)(2) debts.[6] Finally, Defendant argues that § 523(a)(7) is more specific

---

[5] Def's Mot. to Dismiss (Docket # 4) at 12.

[6] With the exception of Judge Randon's recent decision in the *Andrews* case, discussed in the next section of this opinion, none of the cases cited by Defendant address whether § 523(a)(2) could also apply to the government debts at issue. *See United States v. Horras* (*In re Horras*), 443 B.R. 159 (B.A.P. 8th Cir. 2011) (Chapter 7 proceeding; creditor alleged Medicare/Medicaid restitution was nondischargeable under § 523(a)(2) and fraud penalties were nondischargeable under § 523(a)(7)); *In re Adamic*, 291 B.R. 175, 180 (Bankr. D. Colo. 2003) (Pre-BAPCPA Chapter 13 case; court denied debtor's motion for sanctions and allowed recoupment by Colorado unemployment agency, noting in dicta that "debts for overpayment of unemployment compensation benefits . . . may be excepted from a Chapter 7

14

as to the statutory fraud penalty than § 523(a)(2).

To a large extent, Defendant's arguments reflect an assumption that more than one subsection of § 523(a) can never apply to the same debt. As discussed below, that assumption is not correct.

### a. There is no statutory conflict, or "absurd result" under the Court's ruling today.

Defendant contends that § 523(a)(7) makes the statutory fraud penalty in this case "dischargeable" while under the Agency's view § 523(a)(2) makes the same penalty nondischargeable, and that this is an "absurd result." But Defendant's characterization of the effect of § 523(a)(7) is not accurate. Section 523(a)(7) does not affirmatively make the penalty "dischargeable" in Chapter 13; rather, **it simply does not make the penalty nondischargeable.** This is a technical distinction, but an important one in this context, and it is clear from the language of § 1328(a):

> (a) . . . as soon as practicable after completion by the debtor of all payments under the plan, . . . the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt—
> . . . .

discharge under 11 U.S.C. § 523(a)(2)(A), and monetary penalties may be excepted under 11 U.S.C. § 523(a)(7)."); *Colo. Div. of Cent. Servs. v. O'Brien* (*In re O'Brien*), 110 B.R. 27, 31 (Bankr. D. Colo. 1990) (Pre-*Cohen* Chapter 7 case; court held that restitution owed to unemployment agency was nondischargeable under § 523(a)(2) and statutory penalty was nondischargeable under § 523(a)(7), but that "collection fee" was dischargeable); *Ill. Dep't of Pub. Aid v. Hatcher* (*In re Hatcher*), 111 B.R. 696 (Bankr. D. Ill. 1990) (Pre-*Cohen* Chapter 7 case; court found unemployment overpayments nondischargeable under § 523(a)(2)(A) and penalties nondischargeable under § 523(a)(7)).

Defendant also cites a case from the Western District of Michigan bankruptcy court in which the Agency itself relied on § 523(a)(7) to argue that the fraud penalties were nondischargeable. *See* Compl. at 5, ¶ 29, No. 14-01038, Adv. Pro. No. 14-80126 (filed May 27, 2014) (Docket # 1). However, that case was a Chapter 7 case, and was resolved by a consent judgment entered on March 27, 2015, which states that the debt for the restitution and penalties "is nondischargeable under 11 U.S.C. § 523(a)(2)(A) and § 523(a)(7)." *See* Consent Judgment, Adv. Pro. No. 14-80126 (Docket # 18).

> (2) of the kind specified in . . . paragraph (1)(B), (1)(C), (2), (3), (4), (5),
> (8), or (9) of section 523(a) . . . .

11 U.S.C. § 1328(a).  Section 1328(a)(2) is clearly a list of nondischargeable debts.  If a given

debt meets the definition of one of the subsections of § 523(a) listed in § 1328(a)(2), it is

nondischargeable, regardless of whether the debt also meets the definition of another subsection

which is not listed.

Thus, a ruling that both § 523(a)(2) and § 523(a)(7) apply to the statutory fraud penalty at

issue in this case does not create an absurd result, or any statutory conflict.  The penalty is not

simultaneously "dischargeable" and nondischargeable.  The fact that § 523(a)(7) does not make

the statutory penalty nondischargeable in Chapter 13 does not mean or imply that § 523(a)(2)

cannot make the penalty nondischargeable in Chapter 13.  The two provisions function

independently of one another.

Defendant makes a similar "absurd result" argument, relating to the procedure for seeking

a determination of dischargeability.  Defendant argues that § 523(a)(2) and § 523(a)(7) cannot

both apply to a given debt because § 523(c) applies to an exception to discharge under

§ 523(a)(2), but not to one under § 523(a)(7).

Section 523(c) provides, in pertinent part:

> (c)(1) . . . the debtor shall be discharged from a debt of a kind
> specified in paragraph (2), (4), or (6) of subsection (a) of this
> section, unless, on request of the creditor to whom such debt is
> owed, and after notice and a hearing, the court determines such
> debt to be excepted from discharge under paragraph (2), (4), or (6),
> as the case may be, of subsection (a) of this section.

11 U.S.C. § 523(c).  Federal Rule of Bankruptcy Procedure 7001(6) requires that the creditor's

request must be filed as an adversary proceeding, and Federal Rule of Bankruptcy Procedure 4007(c) requires that the adversary proceeding be filed "no later than 60 days after the first date set for the meeting of creditors under § 341(a)," unless the court grants an extension of time. Section 523(c) and the time limit of Rule 4007(c) do not apply to an action to determine dischargeability under § 523(a)(7).

Defendant's "absurd result" argument is without merit. Government agencies, like any creditor, have the choice of relying on any one or more of the subsections of § 523(a) to object to the discharge of a particular debt. To the extent the agency chooses to rely on § 523(a)(2) as to all or part of the debt, it must file an adversary proceeding within the time limit applicable to such a claim, because of § 523(c) and Federal Rule of Bankruptcy Procedure 4007(a). To the extent the agency relies on § 523(a)(7), the time limit under § 523(c) does not apply. There is nothing "absurd" about this. And in a Chapter 7 case, in which both §§ 523(a)(2) and 523(a)(7) apply, the agency can join in a single adversary proceeding both nondischargeability theories.

**b. The Court's ruling does not make either § 523(a)(2) or § 523(a)(7) "superfluous."**

Nor does the Court's holding today render § 523(a)(7) superfluous, as Defendant argues.[7] That section applies to all non-compensatory penalties payable to and for the benefit of a governmental unit (except for certain tax penalties), whether such penalties arise from fraud or not. In that sense, § 523(a)(7) is broader in its operation than § 523(a)(2), because § 523(a)(7) does not require fraud. Section 523(a)(2), on the other hand, applies to both compensatory and non-compensatory penalties, but requires that they be based on fraud. In covering even

---

[7] As the Supreme Court noted in the *Davenport* case, "[o]ur cases express a deep reluctance to interpret a statutory provision so as to render superfluous other provisions in the same enactment." *Davenport*, 495 U.S. at 562 (citation omitted).

compensatory-type penalties, § 523(a)(2) is in that sense broader in its operation than

§ 523(a)(7).

There is some overlap in the coverage of the two sections — both sections cover non-

compensatory penalties payable to and for the benefit of a governmental unit that arise from

fraud.

But the existence of such overlap is not an "absurd" result, and it does not make either

section superfluous. Rather, according to the Supreme Court, this type of statutory overlap is not

unusual. The Supreme Court dealt with such a case of statutory overlap in *Connecticut Nat'l.*

*Bank v. Germain*, 503 U.S. 249 (1992), and the Court's reasoning applies here:

> Contrary to Germain's contention, we need not choose between giving effect on the one hand to [28 U.S.C.] § 1291 and on the other to [28 U.S.C.] § 158(d), for the statutes do not pose an either-or proposition. Section 1291 confers jurisdiction over appeals from "final decisions of the district courts" acting in any capacity. Section 158(d), in contrast, confers jurisdiction over appeals from final decisions of the district courts when they act as bankruptcy appellate courts under § 158(a), and also confers jurisdiction over final decisions of the appellate panels in bankruptcy acting under § 158(b). **Sections 1291 and 158(d) do overlap, therefore, but each section confers jurisdiction over cases that the other section does not reach.**
>
> **Redundancies across statutes are not unusual events in drafting, and so long as there is no "positive repugnancy" between two laws,** *Wood v. United States,* 16 Pet. 342, 363, 10 L.Ed. 987 (1842), **a court must give effect to both.** Because giving effect to both §§ 1291 and 158(d) **would not render one or the other wholly superfluous**, we do not have to read § 158(d) as precluding courts of appeals, by negative implication, from exercising jurisdiction under § 1291 over district courts sitting in bankruptcy. We similarly do not have to read § 158(d) as precluding jurisdiction under § 1292. **While courts should disfavor interpretations of statutes that render language superfluous, in this case that canon does not apply.**

18

503 U.S. at 253 (emphasis added).

The existence of the statutory overlap in this case is the result of two things that this Court simply is not free to ignore: (1) the broad reading the Supreme Court gave to § 523(a)(2) in its 1998 *Cohen* decision; and (2) the unambiguous language of § 523(a)(7). The Court's decision today is compelled by these two things.

In support of his argument about superfluousness, Defendant cites *Kawaauhau v. Geiger*, 523 U.S. 57 (1998), and *Berkson v. Gulevsky* (*In re Gulevsky*), 362 F.3d 961 (7th Cir. 2004). In *Geiger*, the Supreme Court held that § 523(a)(6), which excepts from discharge debts for "willful and malicious injury" by the debtor, does not apply to a debt arising from a tort when the debtor did not intend to cause injury. 523 U.S. at 61-62. The Supreme Court reasoned that to interpret § 523(a)(6) otherwise would render wholly superfluous § 523(a)(9), which makes certain tort-based debts arising from a debtor's intoxication nondischargeable, but does not require proof of intent to cause injury. *See Geiger*, 523 U.S. at 62. *Geiger* is distinguishable — here, this Court is not interpreting § 523(a)(2) any more broadly than the Supreme Court held it must be interpreted in *Cohen*. Moreover, under this Court's holding today, neither § 523(a)(2) nor § 523(a)(7) is rendered superfluous, as explained above.

In *Gulevsky*, the Seventh Circuit Court of Appeals held that because oral misrepresentations regarding a debtor's financial condition were not "actionable" under any part of § 523(a)(2), they could not be actionable under § 523(a)(6). 362 F.3d at 963-64. The court reasoned that allowing a creditor to proceed under § 523(a)(6) under such circumstances would "render the writing requirement of § 523(a)(2)(B) superfluous." *Id.* at 963. But the same problem does not exist in this case, where the Court holds that **both** § 523(a)(2)(A) and

19

§ 523(a)(7) cover the fraud penalty at issue.

And to the extent *Gulevsky* is inconsistent with the Court's ruling in this case, the Court finds *Gulevsky* unpersuasive and declines to follow it. Other courts have held, in conflict with *Gulevsky*, that a creditor whose § 523(a)(2) claim fails may still assert a claim under § 523(a)(6).[8] The Court finds these cases more persuasive than *Gulevsky*.

### c. There is no rule that more than one subsection of § 523(a) can never apply to the same debt.

In any event, *Geiger* and *Gulevsky* do not stand for a broad general rule that more than one subsection of § 523(a) can never apply to the same debt. Nor is there any language in § 523(a), or elsewhere in the Bankruptcy Code, that suggests such a broad general rule. And in the *Kelly v. Robinson* case, discussed above, the Supreme Court clearly indicated that there is no such broad general rule.

In *Kelly*, the Supreme Court noted that not only was the criminal fraud restitution debt in that case nondischargeable under § 523(a)(7)(as the Court held), but also such debt could have been found nondischargeable under 11 U.S.C. § 523(a)(4), as a debt for "larceny,"[9] *if* a

---

[8] *See, e.g.*, *Purser v. Scarbrough* (*In re Scarbrough*), 516 B.R. 897, 914 (Bankr. W.D. Tex. 2014) (citations omitted) ("Although § 523(a)(2)(A) is the usual vehicle for seeking nondischargeability of a debt based on fraud, it is possible to assert a claim for willful and malicious fraud under § 523(a)(6)."); *Schubert Osterrieder & Nickelson PLLC v. Bain* (*In re Bain*), 436 B.R. 918, 924 (Bankr. S.D. Texas 2010) (holding that "although Plaintiffs' fraud claim [did] not state a claim under § 523(a)(2)(A), it [did] state a claim under § 523(a)(6)"; and that "[a]llowing Plaintiffs' state-law fraud claim to be asserted under § 523(a)(6) would not render § 523(a)(2)(A) superfluous."); 4 *Collier on Bankruptcy* ¶ 523.12[1], at 523-91 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2015) ("Conduct which may give rise to a nondischargeable debt under section 523(a)(6) may also be nondischargeable under other subsections of section 523(a). For example, debts procured by fraud may be nondischargeable under section 523(a)(6) as arising from conduct causing willful and malicious injury to an entity or property or an entity.").

[9] Under § 523(a)(4), a debt is nondischargeable if it is a debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

20

nondischargeability claim under § 523(a)(4) had been timely made (which it was not).  *See Kelly v. Robinson*, 479 U.S. at 42, 42 nn.3, 4.[10]  While admittedly this is dictum, the Sixth Circuit Court of Appeals has instructed that lower courts must follow Supreme Court dicta.  *See Baker v. Ellmann*, 791 F.3d 677, 682 (6th Cir. 2015).[11]  This dictum in *Kelly v. Robinson* clearly negates any rule that the same debt can never be covered by more than one subsection of § 523(a).

**d.  Defendant's position ignores Congressional intent in the 2005 Bankruptcy Code amendments that narrowed the scope of the Chapter 13 discharge.**

The Court also rejects Defendant's argument that, to find these fraud penalties nondischargeable, "would do violence to the statutory scheme and differences between Chapter 7 and Chapter 13," because "Congress has made the choice to allow the governmental fines and penalties to be discharged in a Chapter 13."[12]  Defendant's argument reflects a view that is outdated after the 2005 Bankruptcy Code amendments, by overlooking two important points which the Court has already discussed.  First, the Supreme Court declared in *Cohen* that "any debt" arising from fraud qualifies as a § 523(a)(2) debt.  *Cohen v. de la Cruz*, 523 U.S. 213, 218

---

[10]  The Agency, which is also the appellant in the pending appeal in the *Andrews* case, made this point recently in the reply brief it filed in that appeal.  (Appellant's Reply Br. at 3, *Mich. Unemployment Ins. Agency v. Andrews* (*In re Andrews*), No. 15-cv-136681 (E.D. Mich., filed March 8, 2016)(Docket # 13).

[11]  In *Baker*, the Sixth Circuit stated:

> [T]his court has explained that "[l]ower courts are obligated to follow Supreme Court dicta, particularly where there is not substantial reason for disregarding it, such as age or subsequent statements undermining its rationale." *Am. Civil Liberties Union of Ky. v. McCreary Cnty., Ky.*, 607 F.3d 439, 447-48 (6th Cir. 2010) (citations and internal quotation marks omitted).

791 F.3d at 682.

[12]  Def's Mot. to Dismiss (Docket # 4) at 6, 10.

21

(1998).  Second, after *Cohen* was decided, Congress amended Chapter 13 in 2005 to exclude **all** § 523(a)(2) debts from discharge.  In this, Congress made clear its intent that all debts arising from fraud be nondischargeable in Chapter 13.

### e.  The Court's ruling is not barred by the rule that exceptions to discharge are to be strictly construed against the creditor.

Defendant appeals to the often-repeated rule that "exceptions to discharge are to be strictly construed against the creditor."  *See, e.g., Rembert v. AT&T Universal Card Servs., Inc.* (*In re Rembert*), 141 F.3d 277, 281 (6th Cir. 1998).  But that rule does not resolve the issue in this case.  Whatever that rule means in other contexts, in the context of this case, it does not mean that the Court may ignore *Cohen* or the fact that § 523(a)(2) debts are nondischargeable in Chapter 13.  If anything, one might argue that in *Cohen* the Supreme Court did not construe § 523(a)(2) strictly against the creditor.  But even if that is so, it is water under the bridge — this Court is bound to follow *Cohen*.

### f.  The Court's ruling is not barred by the canon that in interpreting statutes, a specific provision controls over a general provision on the same subject.

Finally, the Court rejects Defendant's argument that  § 523(a)(7) is more specific with respect to the fraud penalty at issue than § 523(a)(2).  First, because the Court finds that both provisions clearly apply, and that this creates no conflict and there is no ambiguity, it is unnecessary to address this "specific versus general" argument any further.  *See Lamie v. U.S. Trustee*, 540 U.S. 526, 534 (2004) ("It is well established that 'when the statute's language is plain, the sole function of the courts — at least where the disposition required by the text is not absurd — is to enforce it according to its terms.'" (quoting *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000)); *POM Wonderful LLC v. Coca-Cola Co.*, 134

22

S. Ct. 2228, 2238 (2014) (citation omitted) ("When two statutes complement each other, it would show disregard for the congressional design to hold that Congress nevertheless intended one federal statute to preclude the operation of the other.").

Second, as is shown by the Court's discussion in Section V.C.5.b above, about Defendant's superfluousness argument, **neither** § 523(a)(2) nor § 523(a)(7) is more specific than the other in the context of this case. Rather, in different ways, each provision is broader in its operation (and therefore also narrower) than the other. *Cf. Maracich v. Spears*, 133 S. Ct. 2191, 2203 (2013) ("This is not to say, as petitioners contend, that this is a straightforward application of the specific . . . controlling the general . . . . As between the two exceptions at issue here, it is not clear that one is always more specific than the other.").

### 6. The recent decision in the *Andrews* case

As noted earlier, the Court's ruling in this case is contrary to the recent decision by Judge Randon of this Court, in the case of *Michigan Unemployment Ins. Agency v. Andrews* (*In re Andrews*), No. 15-46058, Adv. Pro. No. 15-04724, 2015 WL 5813418 (Bankr. E.D. Mich. Oct. 2, 2015). Counsel for Defendant, who also represented the defendant in the *Andrews* case, urges the Court to follow Judge Randon's decision, which is currently on appeal to the district court. The Court is not bound by Judge Randon's decision, of course, and does not find his reasoning in *Andrews* persuasive. Among other things, this Court disagrees with Judge Randon's reading of *Cohen v. de la Cruz*, 523 U.S. 213 (1998), and his view of the import of the Supreme Court's citation to § 523(a)(7) therein. *Compare Mich. Unemployment Ins. Agency v. Andrews*, 2015 WL 5813418, at *4, *with* discussion in section V.C.1 of this opinion, above. The Court is persuaded that its ruling in this case is correct, for all the reasons discussed in this opinion. So the Court

respectfully disagrees with Judge Randon's decision in *Andrews*.

## VI.  Conclusion

For the reasons stated in this opinion, the Court will enter an order denying Defendant's

Motion to Dismiss this adversary proceeding.


**Signed on March 25, 2016**                    /s/ Thomas J. Tucker

                                                                  **Thomas J. Tucker**
                                                                  **United States Bankruptcy Judge**